### Order

And now, November 19, 1956, the motion to quash transcript in above case is dismissed and refused.

## M. v. N.

*Garber & Garber*, for plaintiff.

*Clinton R. Weidner*, for defendant.

SHUGHART, P. J., October 13, 1956.—In a report filed on August 6, 1956, the master appointed to take the testimony and make the recommendation in the above captioned case, recommended that a decree in divorce be granted to plaintiff from defendant on the dual grounds of indignities to the person and adultery, and that the court forbid the marriage of defendant with a named corespondent.

Rule 133 of the local rules of court provide that when a master files his report in the office of the prothonotary, he shall give "notice . . . to the parties of that fact and of the nature of the decree recom-

mended by him" in the same manner as notice of the hearing is given.

In the instant case that meant that the notice had to be given to defendant by registered mail.

The notice given in this instance notified defendant merely that the report had been filed "recommending that the court enter a decree a. v. m. as prayed for in the complaint".

We feel that the provision for notice of the nature of the decree recommended, where the decree is on ground of adultery, requires that the notice sent to defendant not only state that a decree in divorce a. v. m. is recommended, but also the fact that the decree will prohibit marriage of defendant with the named corespondent.

In the instant case, defendant did not appear at the hearing and service of the complaint was accepted by counsel who appeared of record, and while defendant had notice of the hearing sent her by registered mail, as well as notice of the filing of the report, there is nothing in the record to indicate that she had any knowledge that the divorce was on the ground of adultery.

Since, in addition to the termination of the marital vows, a decree on the ground of adultery contains the prohibition of marriage with the corespondent, we feel that all safeguards should be taken to see that defendant is aware of this fact.

For this reason, the matter is referred back to the master with directions to send a notice as indicated in the foregoing opinion, after which the report will be refiled as provided by the rules of court.

And now, October 13, 1956, at 8:30 a.m. (E. S. T.), the above matter is referred back to the master for further proceedings in conformity to the foregoing opinion.